IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
December 4, 2001 Session

## MARCUS A. TERRY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-21817      Arthur T. Bennett, Judge**

---

**No. W2000-01747-CCA-R3-PC  - Filed February 8, 2002**

---

The Appellant, Marcus A. Terry, appeals the dismissal of his petition for post-conviction relief. Terry is currently serving a thirty-year sentence as a result of two convictions by a Shelby County jury for vehicular homicide. On appeal, Terry asserts: (1) that he received ineffective assistance of counsel at trial; and (2) that the trial court erred by failing to instruct the jury that he could potentially receive consecutive sentences for his multiple convictions. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Brett B. Stein, Memphis, Tennessee, for the Appellant, Marcus A. Terry.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and Julie Mosley, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Appellant's two convictions for vehicular homicide stem from his operation of a vehicle in Shelby County on April 11, 1995. On this date, the Appellant attempted to elude Germantown police officers who were in the process of stopping the Appellant's vehicle for improper registration. While fleeing from the police, the Appellant's vehicle collided with another vehicle, resulting in the death of two victims and injuries to a third person. At trial, the Appellant testified that when the police attempted to stop him, he was told by his passenger, Willie Harris, "to keep going don't stop." When he slowed to stop for police, the Appellant stated that "Harris pulled a gun on him and told him to keep going." The Appellant explained to the jury that he was driving at an excessive speed

"because he was forced to" and "didn't want to get shot." The jury, which was instructed as to the defense of duress, rejected this defense and convicted the Appellant on both counts of vehicular homicide. *See State v. Marcus Terry*, No. 02C01-9708-CR-00313 (Tenn. Crim. App. at Jackson, Nov. 6, 1998), *perm. to appeal denied*, (Tenn. Apr. 26, 1999).

## ANALYSIS

At a post-conviction hearing, the Appellant bears the burden of establishing the allegations contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). Findings of fact and conclusions of law made by a post-conviction court are given the weight of a jury verdict. *Davis v. State*, 912 S.W.2d 689, 697 (Tenn. 1995). Unless evidence contained in the record preponderates against the judgment, this court is bound by those findings on appeal. *Id.* This court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the trial court. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

### I. Ineffective Assistance of Counsel

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact; thus, our review of this case is *de novo*. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).

In this appeal, the Appellant contends that trial counsel was ineffective in the following respects:

(1)     trial counsel failed to inform the Appellant of the defense of necessity;

(2)     trial counsel failed to show the Appellant a picture of the gun found near the crime scene until the day of trial;

(3)     trial counsel failed to adequately investigate the Appellant's injuries from the wreck;

(4)     trial counsel failed to subpoena witnesses to testify that the Appellant's passenger was allegedly on escape status when the wreck took place;

(5)     trial counsel failed to object to the State's references to the adjudication of the Appellant's passenger; and

-2-

(6) trial counsel failed to object to the State's cross-examination of the Appellant with regard to his prior convictions for carrying a weapon.

Despite his assertions of ineffectiveness, the Appellant's brief contains no authority or arguments in support of his position. Rule 27 of the Tennessee Rules of Appellate Procedure provides in relevant part that:

> The brief of the appellant shall contain . . . An argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]

Tenn. R. App. P. 27(a)(7). "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). Accordingly, the Appellant's ineffective assistance of counsel claim is waived.[1]

## II. Jury Instructions

The Appellant next asserts that the trial court erred by failing to inform the jury during sentencing that the Appellant could receive consecutive sentences for his convictions.[2]

First, we note that this issue has also been waived for failure to raise the issue on direct appeal. *See* Tenn. Code Ann. § 40-30-206(g). Notwithstanding, we elect review of the issue presented. The Appellant was sentenced, as a Career Offender, to consecutive sentences of fifteen years on each count of vehicular homicide. In his argument to the post-conviction court and in his brief before this court, the Appellant maintains that the trial court erred by not informing the jury of the potential for imposition of consecutive sentences. In essence, the Appellant contends that the jury was inadequately informed about the possible range of punishment that he was eligible to receive.

---

[1]Notwithstanding this default, the record establishes with regard to the respective issues that: (1) this court on direct appeal found the defense of necessity was not warranted based upon the proof in the case; (2) the Appellant was shown a photograph of the weapon prior to trial; (3) the post-conviction record fails to establish that the Appellant sustained any injury from the wreck; (4) the Appellant failed to establish at the post-conviction hearing that his passenger (Harris) was on escape status at the time of collision; (5) the fact that the passenger Harris had prior convictions was part of the defense strategy to show the coercive nature of Harris; thus, no prejudice was shown; and (6) the evidence is neither clear nor convincing that an objection to the Appellant's response to the prosecutor's question regarding his prior conviction would have been sustained, as the Appellant clearly invited the alleged error. Moreover, in addition to this prior conviction, fifteen other convictions of the Appellant were introduced for purposes of impeachment. Thus, the issues raised by the Appellant are without merit.

[2]The record reflects that the trial court properly instructed the jury, under the law in effect at the time of trial, that the Appellant faced a sentence ranging between 2.7 years and 15 years upon conviction for the offense of vehicular homicide. Tenn. Code Ann. § 40-35-201(2)(A)(i) (repealed 1998).

In support of this argument, the Appellant erroneously cites as authority *State v. Thornton*, 10 S.W.3d 229 (Tenn. Crim. App. 1999). The holding in *Thornton* is not controlling as it does not address the issue raised by the Appellant, *i.e.*, whether the trial court had a duty to inform the jury that consecutive sentences could be imposed.

Additionally, we note that an instruction on the potential for imposition of consecutive sentences constitutes an extraneous matter which is not substantive proof of the accused's guilt or innocence and, as such, has no relevance in the guilt phase of trial. As Justice Henry wrote in *Farris v. State*, 535 S.W.2d 608, 614 (Tenn. 1976), "the matter of the future disposition of a convicted defendant is wholly and utterly foreign to his guilt and is not a proper consideration by a jury in determining the length of his sentence."

Finally, we find that the issue presented does not implicate a constitutional right. Therefore, the Appellant's claim is not cognizable within the post-conviction process. Tenn. Code Ann. § 40-30-203. This issue is without merit.

## CONCLUSION

Based upon the foregoing, we find the issues raised by the Appellant to be either waived or without merit. The judgment of the post-conviction court is affirmed.

 

_____
DAVID G. HAYES, JUDGE